UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>        Petitioner,<br><br>    v.<br><br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:17-cv-00985-LJO-SAB<br><br>ORDER DIRECTING PETITIONER TO PAY FILING FEE OR SUBMIT IFP APPLICATION<br><br>[30 Day Deadline]<br><br>FINDINGS AND RECOMMENDATIONS (1) DENYING MOTION TO TRANSFER CASE, (2) SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS, and (3) DENYING CERTIFICATE OF APPEALABILITY<br><br>[30 Day Objection Deadline]<br><br><u>Clerk to Serve Petitioner's Counsel on Appeal</u> |

On May 11, 2017, Paul C. Bolin (hereinafter "Petitioner"), a prisoner in state custody proceeding <u>pro se</u>, filed with the United States District Court for the Northern District of California a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "Petition"), naming as respondents the Kern County Superior Court and the Honorable Michael E. Delostritto (hereinafter collectively "Respondent").[1]  (ECF No. 1.)  Therein Petitioner challenges his 1991 conviction and death sentence following jury trial on two counts of first degree murder for which the multiple murder special circumstance was found true, one count of

---
[1] The Clerk of the Court is directed to name Ron Davis, Warden of San Quentin State Prison, as Respondent in place of the Kern County Superior Court and the Honorable Michael E. Dellostritto.  (<u>See</u> ECF No. 2.)

1

attempted first degree murder, and one count of marijuana cultivation. People v. Bolin, Kern County Superior Court Case No. 41477-A.

Petitioner argues in the Petition and a separate letter to the Court that the record on appeal is insufficient to support the trial court's jurisdiction to render the 1991 judgment upon conviction because the record is incomplete, improperly certified and fraudulently modified. (ECF Nos. 1 & 6.) He argues the 1991 judgment against him is void, entitling him to relief. (Id.)

Petitioner previously filed a federal habeas petition in this Court, Paul C. Bolin v. Ron Davis, Case No. 1:99-cv-05279-LJO-SAB, ("First Habeas Action") challenging the same conviction and sentence.[2] On June 9, 2016, the Court denied relief in the First Habeas Action, issued a certificate of appealability as to certain claims therein and entered judgment thereon. (First Habeas Action, ECF Nos. 350 & 351.) On August 30, 2016, the Court denied Petitioner's Rule 59(e) motion to alter or amend the judgment. (First Habeas Action, ECF No. 356.) On September 26, 2016, Petitioner, through counsel, filed a notice of appeal from the Court's judgment. (First Habeas Action, ECF No. 357.) The appeal remains pending. See Ninth Circuit Case No. 16-99009. Petitioner is represented on appeal by the same counsel who represented him in the First Habeas Action.

On May 30, 2017, the Northern District court ordered that the instant action be transferred to this Court because the conviction being challenged was rendered in Kern County. (ECF Nos. 2 & 3.)

On July 25, 2017, the Court issued an order authorizing Petitioner to proceed in forma pauperis ("IFP"). (ECF No. 5; see 28 U.S.C. § 1915(a).)

On August 2, 2017, Petitioner filed notice declining to proceed IFP. (ECF No. 7.)

On August 9, 2017, Petitioner declined jurisdiction of a United States Magistrate Judge (ECF Nos. 4 & 9), and moved to transfer this action back to the Northern District on jurisdictional grounds (ECF No. 10).

///

---

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the records in the First Habeas Action. United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993) (the court may take judicial notice of court records).

2

# I. PRIOR PROCEEDINGS

On September 19, 1989, Petitioner was charged with the following offenses: the murder of Steve Mincy, pursuant to Penal Code section 187 (Count I), the murder of Vance Huffstuttler, pursuant to Penal Code section 187 (Count II), the attempted murder of James Wilson, pursuant to Penal Code section 664/187 (Count III), and the cultivation of marijuana in violation of Health and Safety Code section 11358 (Count IV). (First Habeas Action, CT at 125-129.)[3] Counts I-III included alleged use of a firearm. Counts I and II included alleged multiple murder, a special circumstance under Penal Code section 190.2(a)(3). All counts alleged that Petitioner had suffered a prior conviction for a serious felony.

The jury was sworn on December 3, 1990. (First Habeas Action, CT at 372.) On December 12, 1990, the jury found Petitioner guilty on all counts and enhancements and found the special circumstance to be true. (First Habeas Action, CT at 400-409.) On December 13, 1990, the jury found true the allegation of a prior conviction. (CT at 519-521, 524.) The penalty phase began on January 22, 1991. (First Habeas Action, CT at 584-589.) The jury returned a verdict of death on January 24, 1991. (First Habeas Action, CT at 626.)

On February 25, 1991, the trial court denied Petitioner's motion to modify the verdict and sentenced Petitioner to death on the capital Counts. (First Habeas Action, RT 2/25/91 at 18-27.) The trial court also sentenced Petitioner to the upper term of nine years for attempted premeditated murder (Count III), three years with a stayed one-year enhancement for marijuana cultivation (Count IV), two years for the firearm enhancement, and five years for the serious felony enhancement. (First Habeas Action, CT at 668-670; RT 2/25/91 at 24-27.)

On June 18, 1998, the California Supreme Court affirmed the judgment and sentence on direct appeal. People v. Bolin, 18 Cal. 4th 297 (1998), as modified on denial of reh'g (Aug. 12, 1998).

Petition for writ of certiorari was denied by the United States Supreme Court on March 8, 1999. Bolin v. California, 526 U.S. 1006 (1999).

---

[3] "CT" refers to the Clerk's Transcript on Appeal. "RT" refers to the Reporter's Transcript on Appeal. Any reference to state law is to California law unless otherwise noted.

## II. DISCUSSION

### A. Failure to Proceed IFP or Pay Filing Fee

All parties proceeding on a writ of habeas corpus must pay a filing fee of $5. 28 U.S.C. § 1914(a); Rules Governing § 2254 Cases in the United States District Courts (hereinafter "Habeas Rule(s)"), Rule 3. Such an action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Petitioner has declined the Court's grant of IFP status. (ECF Nos. 5 & 7.) He has not paid the $5 filing fee to commence this action required by 28 U.S.C. § 1914(a). Therefore, the action is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

The Court will allow Petitioner one final opportunity to either pay the $5 filing fee or file an application to proceed IFP. Failure to comply will result in dismissal without prejudice of this proceeding without further notice.

### B. Duty to Screen

This Court has a duty to screen habeas corpus petitions. See Habeas Rule 4 Advisory Committee Notes. Habeas Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Habeas Rule 4 Advisory Committee Notes; O'Bremski, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 at n.7 (1977)). Allegations in a petition that are vague, conclusory, palpably incredible, patently frivolous, or false are subject to summary dismissal. Hendricks, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own

motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Habeas Rule 8 Advisory Committee Notes; see also Herbst v. Cook, 260 F.3d 1039, 1042–43 (9th Cir. 2001).

A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**C. Jurisdiction and Venue**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a); see also Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.

The challenged 1991 conviction and sentence arise out of the Kern County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 1404(a), 2241(d), 2254(a).

Accordingly, this Court as the district of conviction is vested with jurisdiction over the Petition.

**D. Successive Petition**

Because the Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the Petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).

The Petition must be dismissed as a successive petition over which this Court lacks jurisdiction. The AEDPA, in pertinent part, provides that

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
> > [T]he applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by

> the Supreme Court, that was previously unavailable; or
>
> [T]he factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> [T]he facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Habeas Rule 9. This determination must be made by the United States Court of Appeals upon petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from court of appeals before filing second or successive petition, "the [d]istrict [c]ourt was without jurisdiction to entertain [the petition]").

The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). The AEDPA "creates a gatekeeping mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez-Villarreal, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of the AEDPA. Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir. 1999).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. See 28 U.S.C. § 2244(b); see also Burton, 549 U.S. at 153 (where petitioner neither sought nor received authorization from court of appeals before filing second or successive petition, district court should have dismissed the petition for lack of jurisdiction). "When the

AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)). This limitation has been characterized as jurisdictional. Burton, 549 U.S. at 152; see also Cooper, 274 F.3d at 1274.

Although the AEDPA does not specify what constitutes a "second or successive" petition, Hill v. Alaska, 297 F.3d 895, 897 (9th Cir. 2002), "the Supreme Court, the Ninth Circuit, and its sister circuits have interpreted [the term] . . . as derivative of the abuse-of-the-writ doctrine developed in pre-AEDPA cases." Id. at 897–98; see also Felker, 518 U.S. at 664.

Under the abuse of the writ doctrine, a petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 494–95 (1991); see also Thompson v. Calderon, 151 F.3d 918, 920–21 (9th Cir. 1998) (a petition need not be repetitive to be second or successive); Cooper, 274 F.3d at 1273 (citing 28 U.S.C. § 2244(b)(2)). Claims that could have been adjudicated in an earlier petition may not be considered "unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Alaimalo v. U.S., 645 F.3d 1042, 1049 (9th Cir. 2011) (quoting Calderon v. United States Dist. Ct., 163 F.3d 530, 538 (9th Cir. 1998)) (abrogated in part on other grounds by Woodford v. Garceau, 538 U.S. 202, 206 (2003)); see also McCleskey, 499 U.S. at 494-95.

Here, the Petition challenges the same 1991 conviction and sentence that Petitioner challenged in the First Habeas Action. The petition in the First Habeas Action was denied following merits analysis rather than for technical or procedural reasons. (First Habeas Action, ECF No. 350 at 304-05);[4] see McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)) (a disposition is "on the merits" if the

---

[4] Reference to page numbering is to the page numbering in the original document except Bates numbering is used for the CT, and ECF system numbering is used for electronically filed documents.

district court either considered and rejected a claim, or determined that an underlying claim would not be considered by a federal court); cf. Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (habeas petition filed after a prior habeas petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive petition").

The Petition's allegation that the record on appeal is incomplete, improperly certified and fraudulently modified was presented in the First Habeas Action. The First Habeas Action included and this Court considered and denied claimed ineffective assistance of appellate counsel including as to failure to perfect the record on appeal as certified by Kern County Superior Court Judge Oberholzer. (First Habeas Action, ECF No. 350 at 297; see also ECF No. 1 at 41.)

Petitioner has not proffered any new evidence or cited any new rule of constitutional law that would arguably allow him to file a habeas petition on such a claim. See Hill, 297 F.3d at 899. The Petition refers to a separate petition for writ of habeas corpus filed by Petitioner on January 24, 2017 in the Kern County Superior Court and denied by that court. (ECF No. 1 at 5 citing Kern County Superior Court Case No. HC 015383A.) However, that state petition appears to challenge the same 1991 conviction and sentence that Petitioner challenged in the First Habeas Action.

Accordingly, the Petition is "second or successive" for purposes of 28 U.S.C. § 2244. See Burton, 549 U.S. at 153 (petition found "second or successive" where it challenged custody imposed by the same judgment challenged in the initial petition). Under the AEDPA, Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider his claims prior to filing this case. Because he did not do so, this Court is without jurisdiction to entertain the Petition. Id.; see also 28 U.S.C. § 2244(b)(3)(A).[5]

///

---

[5] Ninth Circuit Rule 22-3(a) provides that "if an application for authorization to file a second or successive section 2254 petition ... is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Here, the Petition is clearly a second or successive habeas petition. There is no indication that it is actually an application for authorization to file a second or successive petition that Petitioner mistakenly filed here, and the undersigned declines to construe it as such. If Petitioner seeks authorization to file a second or successive habeas petition, he should submit his application directly to the Ninth Circuit Court of Appeals in compliance with Ninth Circuit Rule 22-3.

### E. Certificate of Appealability

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A); see also Miller–El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a COA when it enters a final order adverse to the applicant. See Habeas Rule 11(a).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; see also Slack, 529 U.S. at 483-84. In determining these issues, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Miller–El, 537 U.S. at 338.

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478.

Since the Petition is clearly a second or successive petition, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

### III. ORDER

For the reasons stated, IT IS ORDERED THAT within thirty (30) days after being served with this order Petitioner shall either pay the $5 filing fee or file an application to proceed IFP. Failure to comply will result in dismissal without prejudice of this proceeding without further notice.

## IV. FINDINGS AND RECOMMENDATIONS

For the reasons stated, IT IS HEREBY RECOMMENDED that (1) the motion to transfer the action back to the Northern District (ECF No. 10) be denied; (2) the Petition (ECF No. 1) be dismissed without prejudice for lack of jurisdiction, and (3) a Certificate of Appealability be denied.

These Findings and Recommendations are submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Petitioner may file written objections with the Court and serve a copy on any and all parties of record. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections by a party of record shall be served and filed within fourteen (14) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

## V. DIRECTION TO CLERK REGARDING SERVICE

The Clerk of the Court is directed to serve this Order and these Findings and Recommendations upon Petitioner's counsel on the pending appeal, Robert Bacon, Esq. and Brian Abbington, Esq. of the Office of the Federal Defender.

IT IS SO ORDERED.

Dated:  **August 16, 2017**

UNITED STATES MAGISTRATE JUDGE