|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:17-cv-00985-LJO-SAB<br><br>ORDER DENYING MOTION FOR POST-JUDGMENT RELIEF<br><br>(Doc. No. 16)<br><br><u>Clerk to Serve Petitioner's Counsel on Appeal</u><br><br><u>Case to Remain Closed</u> |

Before the Court is a motion by Petitioner Paul C. Bolin, a prisoner in state custody proceeding pro se, filed on December 11, 2017, seeking relief following the September 21, 2017 judgment (Doc. No. 15) entered in this proceeding upon the undersigned's adoption, in full, of the Magistrate Judge's findings and recommendations to deny Petitioner's motion to transfer, dismiss the action and his successive petition for writ of habeas corpus, and deny certificate of appealability thereon (Doc. Nos. 11, 14, citing Petitioner's first habeas action, <u>Paul C. Bolin v. Ron Davis</u>, E.D. Cal. Case No. 1:99-cv-05279-LJO-SAB[1]).

Based on the facts of this case and controlling law, the instant motion is amenable to

---
[1] Appeal pending; see Ninth Circuit Case No. 16-99009.

1

decision without a hearing.

The Court construes Petitioner's motion as seeking reconsideration of the judgment entered upon the order adopting findings and recommendations in this case. So construed, the motion shall be denied for the reasons that follow.

Under Rule 59(e) of the Federal Rules of Civil Procedure, three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

In addition, Rule 60(b) of the Federal Rule of Civil Procedure governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . , or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of [that which was already considered by the court in rendering its decision]." U.S. v.

Westlands Water Dist., 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992)).

Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); see also Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist., 634 F. Supp. at 665.

In the instant motion, Petitioner does not raise any new facts, circumstances, or change in the law which would warrant reconsideration of this Court's September 21, 2015 judgment upon order adopting findings and recommendations. Plaintiff essentially rehashes allegations and arguments which the Court has already reviewed, considered, and ruled upon. These include allegations and argument that: his judgment of conviction is void because the trial record was fraudulently altered in the Northern District; the instant action was improperly transferred to this Court; and the Court has no jurisdiction over him and must immediately release him.

The Court previously determined in these regard that the Petition, which challenges Petitioner's 1991 Kern County conviction and sentence following jury trial on two counts of first degree murder for which the multiple murder special circumstance was found true, one count of attempted first degree murder, and one count of marijuana cultivation, the basis for his state custody, is an unauthorized second or successive petition for purposes of 28 U.S.C. § 2244.[2]

Petitioner's disagreement with the Court's decision and recapitulation of allegations and arguments previously considered and rejected by the Court do not warrant reconsideration of the judgment upon order adopting findings and recommendations rendered in this proceeding.

---

[2] See People v. Bolin, Kern County Superior Court Case No. 41477-A.

Because Petitioner has provided no evidence or circumstances that would satisfy the requirements of either Rule 59(e) or Rule 60(b), nor demonstrated those Rules are inconsistent with habeas statutes and rules, his motions for reconsideration must be denied.[3]

Accordingly,

1. Petitioner motion for post-judgment relief (Doc. No. 16), construed as a motion for reconsideration, is denied.
2. The Clerk of the Court is directed to serve this order upon Petitioner's counsel on the pending appeal, Robert Bacon, Esq. and Brian Abbington, Esq.
3. The case is to remain closed.

IT IS SO ORDERED.

Dated: **December 18, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[3] See Rule 12, Rules Governing § 2254 Cases; see also Fed. R. Civ. P 81(a)(4).