1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL C. BOLIN,                                Case No.  1:17-cv-00985-LJO-SAB

12                    Petitioner,                  ORDER DENYING SECOND MOTION FOR
                                                   POST-JUDGMENT RELIEF
13          v.
                                                   (Doc. No. 18)
14   RON DAVIS, Warden of San Quentin State
     Prison,                                       Clerk to Serve Petitioner's Counsel on Appeal
15
                     Respondent.                   Case to Remain Closed
16

17

18

19

20          Petitioner Paul C. Bolin is a prisoner in state custody proceeding *pro se*.  Before the Court

21   is his motion filed January 10, 2018, (Doc. No. 18), seeking relief from the September 21, 2017

22   judgment entered in this case upon the undersigned's adoption, in full, of the Magistrate Judge's

23   findings and recommendations to: deny Petitioner's motion to transfer, dismiss the action and

24   successive petition for writ of habeas corpus, and deny certificate of appealability thereon (*see*

25   Doc. Nos. 11, 14; *see also People v. Bolin*, Kern County Superior Court Case No. 41477-A; *Paul

26   C. Bolin v. Ron Davis*, E.D. Cal. Case No. 1:99-cv-05279-LJO-SAB[1]).

27          Based on the facts of this case and controlling law, the instant motion is amenable to

28   _____
     [1] Appeal is pending.  Ninth Circuit Case No. 16-99009.

decision without a hearing.

The Court construes the instant motion as a second motion for reconsideration of the judgment entered in this case. So construed, the motion shall be denied for the reasons that follow.

The Court finds Petitioner's instant motion duplicative of and deficient to the same extent as his first motion for post-judgment relief filed December 11, 2017, (Doc. No. 16), which was denied by the Court on December 18, 2017, (Doc. No. 17). Petitioner again fails to raise any new facts, circumstances, or change in the law which would warrant reconsideration of the judgment entered in this case. (*See* Doc. No. 17, citing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure and cases applying those Rules; *see also* E.D. Cal. Local Rule 230(j)(3)-(4) (requiring that a party seeking reconsideration show new or different facts or circumstances or other grounds for relief).

Petitioner's instant motion merely attaches documents previously filed in the docket and re-argues and re-litigates matters that were reviewed, considered and ruled upon by the Court in its December 18th order. Those matters, discussed more fully in that order, include Petitioner's allegation that his judgment of conviction is void because the trial record was fraudulently altered in the Northern District; the instant action was improperly transferred to this Court; and the Court has no jurisdiction over him and must immediately release him.

Because Petitioner has provided no evidence or circumstances that would satisfy the requirements of either Rule 59(e) or Rule 60(b), nor demonstrated those Rules are inconsistent with habeas statutes and rules, his instant motion must be denied.[2]

Accordingly,

1. Petitioner's second motion for post-judgment relief (Doc. No. 18), construed as a motion for reconsideration, is denied.

2. The Clerk of the Court is directed to serve this order upon Petitioner's counsel on the pending appeal, Robert Bacon, Esq. and Brian Abbington, Esq.

---

[2] *See* Rule 12, Rules Governing § 2254 Cases; *see also* Fed. R. Civ. P 81(a)(4).

3.    The case is to remain closed.

IT IS SO ORDERED.

Dated:    __**January 24, 2018**__          _____**/s/ Lawrence J. O'Neill**_____
                                                    UNITED STATES CHIEF DISTRICT JUDGE