# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>　　　　　　Respondent. | Case No. 1:17-cv-00985-LJO-SAB<br><br>ORDER DENYING POST-JUDGMENT RELIEF<br><br>(Doc. No. 20)<br><br><u>Clerk to Serve Petitioner's Counsel on Appeal; Case to Remain Closed</u> |

Petitioner Paul C. Bolin is a prisoner in state custody proceeding pro se. Before the Court is his motion filed April 19, 2018, (Doc. No. 20), seeking: (i) Relief from the September 21, 2017 judgment entered in this case upon the undersigned's adoption of the Magistrate Judge's findings and recommendations to dismiss the action, and (ii) Recusal of the undersigned and Magistrate Judge. (*See* Doc. Nos. 11, 14, 15; *see also People v. Bolin*, Kern County Superior Court Case No. 41477-A; *Paul C. Bolin v. Ron Davis*, E.D. Cal. Case No. 1:99-cv-05279-LJO-SAB[1]).

Petitioner continues his previously rejected arguments in support of habeas corpus relief. Also, he seeks recusal of the undersigned and Magistrate Judge pursuant to California Code of Civil Procedure section 170.6 on grounds they are biased and prejudiced against him due to his status as indigent prisoner proceeding pro se, and his alleged recently filed complaints against

---

[1] Appeal is pending. Ninth Circuit Case No. 16-99009.

1

them with the California Commission on Judicial Performance ("Commission").

Based on the facts of this case and controlling law, the motion is amenable to decision without a hearing.

The Court construes the motion as a third request for reconsideration of the judgment entered in this case. So construed, the motion shall be denied.

**I. DISCUSSION**

**A.      Impartiality of California State Judges**

California Code of Civil Procedural section 170.6 provides for the recusal of a California state court judge where the judge "is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding." Cal. Civ. Proc. Code § 170.6(a)(1). However, Petitioner is in federal court, not state court, and the California Code of Civil Procedure does not apply in federal court. *Gehron v. Assured Lender Servs.*, No. 11CV2353 WQH BLM, 2011 WL 5597259 at *1, n.1 (S.D. Cal. Nov. 17, 2011) (citing *Carter v. Dawson*, No. 1:07-CV-01325-OWW, 2010 WL 4603335 at *2 (E.D. Cal. Nov. 1, 2010)).

The complaints allegedly lodged with the Commission, attached to and parroting the allegations in motion, are unhelpful to Petitioner. The Commission has no authority over federal judges. Cal. Const. art. VI, §§ 8, 18.

Additionally, Petitioner fails to identify facts showing any federal due process deprivation arising from these state law allegations. *See Hines v. Enomoto,* 658 F.2d 667, 673 (9th Cir. 1981) (abrogation on other grounds recognized by *Vansickel v. White*, 166 F.3d 953, 958 (9th Cir. 1999)) (citing *Quigg v. Crist,* 616 F.2d 1107, 1111 (9th Cir. 1980)) (a "[C]laim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process."). Petitioner's conclusory suggestion he has been denied equal protection is unsupported by facts suggesting discrimination based upon protected status. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003).

**B.      Impartiality of Federal Judges**

In federal court, 28 U.S.C. § 144 provides for recusal where a party files a timely and

sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. The affidavit must state the facts and reasons for such belief.

Here, Petitioner has not provided a timely and sufficient affidavit. His motion, purportedly verified, suggests only that bias and prejudice against him is apparent from rulings and judgment in this proceeding, and falls short of stating facts that would justify recusal. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory allegations). Moreover, the motion, filed nearly seven months after entry of judgment, is untimely under § 144. *See, e.g., Kent v. N. California Reg'l Office of Am. Friends Serv. Comm.,* 497 F.2d 1325, 1330 (9th Cir. 1974) (no recusal necessary where the motion was made after judgment and record did not suggest the trial judge was prejudiced); *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (motion for recusal filed after an adverse result in a trial was presumptively untimely).

Disqualification of a federal judge also is available under 28 U.S.C. § 455 in cases where the judge's impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The relevant question is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *U.S. v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). Unsubstantiated allegations of personal bias or prejudice do not require disqualification. *See U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). There is a "presumption of honesty and integrity in those serving as adjudicators." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 891 (2009), citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

Here, Petitioner's motion relies upon adverse rulings in this proceeding to show a lack of impartiality. But rulings by a court during the course of a case are not a basis for disqualification unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994); *see also Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (abrogated on other grounds by *Simmons v. Himmelreich*, 136 S. Ct. 1843 (2016) (same). Petitioner has not alleged or supported with facts any such favoritism or antagonism.

C.  **Reconsideration of Judgment**

Petitioner's motion does not otherwise suggest a basis for reconsideration of the Court's judgment in this proceeding. His continuing arguments for habeas corpus relief are duplicative of and deficient to the same extent as his previously denied first and second motions for post-judgment relief. (*See* Doc. Nos. 16-19.) Petitioner again fails to raise any new facts, circumstances, or change in the law which would warrant reconsideration of the judgment entered in this case. (*See* Doc. No. 17, citing Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and cases applying those Rules); *see also* E.D. Cal. Local Rule 230(j)(3)-(4) (requiring that a party seeking reconsideration show new or different facts or circumstances or other grounds for relief).

## II. CONCLUSIONS AND ORDER

Petitioner has not shown the Court is biased, prejudiced, or lacks impartiality. He has not provided evidence or circumstances that would satisfy the requirements of either Rule 59(e) or Rule 60(b).[2]

Accordingly,

1. Petitioner's motion (Doc. No. 20), is denied.
2. The Clerk of the Court is directed to serve this order upon Petitioner's counsel on the pending Ninth Circuit appeal, Robert Bacon, Esq. and Brian Abbington, Esq.
3. The case is to remain closed.

IT IS SO ORDERED.

Dated:  **April 30, 2018**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[2] *See* Rule 12, Rules Governing § 2254 Cases; *see also* Fed. R. Civ. P 81(a)(4).

4